UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Hope Halleen,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Belk, Inc.,<br><br>　　　　　Defendant. | **COMPLAINT**<br><br>**CIVIL ACTION NO.** |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Hope Halleen ("Plaintiff"), by and through undersigned counsel, hereby alleges the following allegations and causes of action against Defendant, Belk, Inc. ("Defendant" or "Belk"), as follows:

### I.　　STATEMENT OF CASE

1.　Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"), as a former Sales Team Manager ("STM") who worked for Belk in Texas.  Belk violated the FLSA by failing to pay Plaintiff overtime premium compensation for hours worked over 40 in a workweek.

2.　Belk, a Delaware corporation with headquarters in Charlotte, North Carolina, is one of the nation's largest privately held department stores, with nearly 300 locations across 16 states.  According to Belk's 10-K annual report filed with the S.E.C. for the fiscal year ending January 31, 2015:

> Belk seeks to provide customers with a convenient and enjoyable shopping experience both in stores and online at belk.com, by offering an appealing merchandise mix that includes extensive assortments of brands, styles, and sizes. Belk stores and belk.com sell top national brands of fashion apparel, shoes and accessories for women, men and children, as well as cosmetics, home furnishings, housewares, fine jewelry, gifts and other types of quality merchandise. The Company also sells exclusive private label brands, which offer customers differentiated merchandise selections.

Belk Form 10-K at 4 (April 14, 2015).  As of January 2015, Belk's annual revenue is estimated at approximately $4.1 billion.  *Id*.

3. Pursuant to corporate policy, Belk classified Plaintiff as exempt from overtime pay requirements in contravention of the FLSA, even though Plaintiff primarily performed duties that are non-exempt in nature, including: restocking products; marking down sale items; folding clothes; unpacking boxes; operating the register; selling merchandise; working the sales floor and other general customer service duties.

4. Further, Belk has uniformly failed to accurately track or record actual hours worked by Plaintiff and has failed to provide Plaintiff with a method to accurately record the hours actually worked.  In willful disregard of federal wage and hour law, Belk has failed and refused to pay Plaintiff for all hours worked, including overtime premium pay for hours worked over 40 in a workweek.

5. Plaintiff seeks: (i) unpaid wages for all hours worked including those above 40 in a workweek, as required by law, (ii) liquidated damages and/or prejudgment interest, and (iii) attorneys' fees and litigation expenses.

## II.   THE PARTIES

*Plaintiff Hope Halleen*

6. Hope Halleen ("Halleen") resides in Plano, Texas (Collin County).  Halleen worked at Belk as an STM from approximately November 2014 to March 2015 at Belk's Ft. Worth, Texas location (Tarrant County).

7. Halleen regularly worked over 40 hours in a workweek for Belk's benefit during her employment as an STM.

8. Belk did not pay Halleen proper compensation for all hours worked, including overtime compensation for all hours worked over 40 in a workweek.

9. A written consent to join form for Halleen is attached hereto as **Exhibit A.**

*Defendant Belk*

10. Belk is a Delaware company with its principal place of business in Charlotte, North Carolina.

11. Belk does business under the trade name or mark "Belk."

12. Belk is one of the nation's largest privately held department stores.

13. Belk employed (or acted in the interest of an employer towards) Plaintiff and (directly or indirectly) controlled and directed the terms of Plaintiff's employment and compensation.

14. Belk had the power to control the terms and conditions of Plaintiff's employment including, without limitation, those terms and conditions relating to the claims alleged herein.

### III.     JURISDICTION AND VENUE

15. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

16. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Exhibit A.

17. At all relevant times while employed by Belk, Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

18. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Belk.

19. Belk is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

20. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

21. Belk is a covered employer within the meaning of the FLSA, and has had gross annual revenues exceeding $500,000.00 for all relevant time periods.

22. Belk is subject to personal jurisdiction in Texas.

23. Venue in this Court is proper under 28 U.S.C. § 1391(b).

### IV. FACTUAL ALLEGATIONS

24. Throughout Plaintiff's employment with Belk, Plaintiff consistently worked more than 40 hours per workweek.

25. Belk failed to keep accurate records of all hours worked by Plaintiff.

26. Although Belk failed to keep accurate records of Plaintiff's hours worked, Belk required, suffered, or permitted Plaintiff to work in excess of 40 hours per week.

27. Belk was aware that Plaintiff worked more than 40 hours per workweek, yet Belk failed to pay Plaintiff any overtime compensation for any of the hours worked over 40 in a workweek.

28. Defendant classified Plaintiff as exempt from coverage of the overtime provisions of the FLSA.

29. Upon information and belief, Belk did not perform an individual analysis of Plaintiff's job duties when making the decision to classify Plaintiff as exempt from the overtime protections of the FLSA.

30. Plaintiff's primary duties were non-exempt.

31. The tasks that Plaintiff regularly performed included but were not limited to:

    a. restocking products;

    b. marking down sale items;

    c. keeping clothes organized;

    d. operating the register;

    e. selling merchandise;

    f. working the sales floor; and

    g. performing other general customer service related duties.

32. Plaintiff's primary job duties did not include:

  a. hiring, firing, promoting, or disciplining other employees;

  b. implementing management policies, practices, and procedures;

  c. committing Belk in matters having significant financial impact;

  d. setting employees' wages; or

  e. determining how many labor hours could be allocated to Plaintiff's store.

33. The performance of non-exempt duties occupied the vast majority of Plaintiff's working hours.

34. Plaintiff's primary duties did not differ substantially from the duties of non-exempt hourly paid employees.

35. Plaintiff did not exercise a meaningful degree of independent discretion with respect to the exercise of Plaintiff's duties.

36. Plaintiff did not have the discretion or authority to make any decisions with respect to matters of significance and was required to follow the policies, practices, and procedures set by Belk.  Plaintiff did not have any independent authority to deviate from these policies, practices, and procedures.

37. Store managers and district managers were responsible for the overall performance of the store, not Plaintiff.

38. Belk has intentionally, willfully, and regularly violated the FLSA with respect to Plaintiff by:

  a. willfully failing to record all of the time the Plaintiff worked for the benefit of Belk;

  b. willfully failing to keep accurate time records as required by the FLSA;

  c. willfully failing to credit Plaintiff for all hours worked including overtime hours, consistent with the requirements of the FLSA;

  d. willfully failing to pay Plaintiff wages for all hours worked including overtime wages for hours worked in excess of 40 hours per workweek;

  e.  willfully classifying Plaintiff as exempt despite Plaintiff's primary duties being non-exempt in nature; and

  f.  failing to provide sufficient resources in the labor budgets for non-exempt employees to complete all of the non-exempt tasks at Plaintiff's location of employment, knowing or recklessly disregarding the fact that doing so resulted in Plaintiff having to work more than 40 hours in a workweek primarily performing non-exempt duties during Plaintiff's workweeks without receiving overtime compensation—which allowed Defendant to avoid paying additional wages (including overtime) to the non-exempt employees.

39. As a sophisticated employer operating hundreds of locations throughout the country, Defendant was aware or recklessly disregarded the fact that Plaintiff primarily performed non-exempt duties and did not perform activities sufficient to satisfy the requirements for any FLSA exemption. Inasmuch as Defendant is a substantial corporate entity aware of its obligations under the FLSA, Defendant acted willfully or recklessly in failing to classify Plaintiff as a non-exempt employee.

## V.  CAUSE OF ACTION

**Count One – Unpaid Overtime Compensation In Violation of the FLSA**

40. Plaintiff realleges and incorporates by reference the allegations in the preceding Paragraphs as if they have been set forth herein.

41. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Belk.

42. Belk violated the FLSA, as described in this Complaint.

43. Belk failed to pay Plaintiff the overtime wages to which Plaintiff is entitled under the FLSA.

44. Belk's violations of the FLSA, as described in this Complaint, were willful and intentional. Belk failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

45. Because Belk willfully violated the FLSA, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

46. As a result of Belk's willful violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

47. As a result of Belk's unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## VI. JURY DEMAND

48. Plaintiff demands a trial by jury on all triable issues raised by this Complaint.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A. Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq*. and the supporting United States Department of Labor regulations and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

B. Pre-judgment interest;

C. Attorneys' fees and costs of the action, including expert fees; and

D. Such other and further relief as this Court deems just and proper.

Dated: January 19, 2016
Boca Raton, Florida

Respectfully submitted,

_____
Alan L. Quiles, Esq.
SBN: 24075418
E-Mail: aquiles@shavitzlaw.com
Gregg I. Shavitz, Esq. (*pro hac vice* application forth coming)
E-mail: gshavitz@shavitzlaw.com

7

Paolo C. Meireles, Esq. (*pro hac vice* application forth coming)
E-mail:  pmeireles@shavitzlaw.com
**SHAVITZ LAW GROUP, P.A.**
1515 S. Federal Hwy., Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile:  (561) 447-8831

*Counsel for Plaintiff*

## CONSENT TO JOIN FORM

      1.    I consent to be a party plaintiff in a lawsuit against Defendant(s), __BELK_____ , and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

      2.    I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

      3.    I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:
*Hope Halleen*

Signature

Hope Halleen

Print Name