# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| HOPE HALLEEN, et al. § | |
| § | |
| v. § | Civil Action No. 4:16-CV-00055 |
| § | Judge Mazzant |
| BELK, INC. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Conditionally Certify Collective Action and to Approve and Facilitate Notice to Similarly Situated Employees (Dkt. #30). After reviewing the motion and the relevant pleadings, the Court finds that Plaintiffs' motion is granted.

## BACKGROUND

Plaintiffs Hope Halleen and Donna Maner ("Plaintiffs") were both employed by Defendant Belk, Inc. ("Defendant") as Sales Team Managers ("STMs") (Dkt. #2 at p. 3). Defendant, a privately held department store, classifies STMs as exempt from the overtime requirements of the Fair Labor Standards Act (FLSA) under the executive exemption (Dkt. #32 at p. 1). Plaintiffs filed an amended complaint as a collective action pursuant to 29 U.S.C. § 216(b) against Defendant on January 25, 2016, asserting that they and other similarly situated STMS were improperly classified as exempt in violation of the FLSA (Dkt. #2). On April 29, 2016, Plaintiffs filed the present Motion to Conditionally Certify Collective Action and to Approve and Facilitate Notice to Similarly Situated Employees (Dkt. #30). On May 31, 2016, Defendant filed its response in opposition (Dkt. #32). On June 20, 2016, Plaintiffs filed a reply in support of their motion for conditional certification (Dkt. #39).

**LEGAL STANDARD**

Section 207(a) of the FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of statutorily defined maximum hours. 29 U.S.C. § 207(a). Section 13(a) (1) of FLSA exempts employees occupying "bona fide executive, administrative, or professional" positions from the overtime requirements of the FLSA. 29 U.S.C. § 213(a)(1). "The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part." *Id*. The Code of Federal Regulations provides a "short test" to classify employees for the executive or administrative exemptions. An employee can be classified as an exempt executive if: (1) the employee is paid a salary of not less than $455 per week; (2) the employee's primary duty is the management of the enterprise or a subdivision; (3) the employee customarily and regularly directs the work of two or more employees; and (4) the employee has the authority to hire or fire other employees, or the authority to recommend such actions. 29 C.F.R. § 541.1(a). An employee can be classified as an exempt administrative employee if: (1) the employee is paid a salary of not less than $455 per week; (2) the employee's primary duty is the performance of office or nonmanual work directly related to the management or general business of the employer; and (3) the employee's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. § 541.2.

The FLSA gives employees the right to bring an action on behalf of themselves, as well as "other employees similarly situated." 29 U.S.C. § 216(b). "Under § 216(b), district courts have the discretionary power to conditionally certify collective actions and authorize notice to potential class members." *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994

(E.D. Tex. 2011). While the Fifth Circuit has not specifically addressed the meaning of "similarly situated" in this context, "[t]wo approaches are used by courts to determine whether collective treatment under §216(b) is appropriate: (1) the two-stage class certification set forth in *Lusardi v. Xerox, Corp.*, 118 F.R.D. 351 (D. N.J. 1987); and (2) the 'Spurious Class Action' method outlined in *Shushan v. Univ. of Colorado*, 132 F.R.D. 263 (D. Colo. 1990)." *Cripe v. Denison Glass Mirror, Inc.*, No. 4:11-CV-224, 2012 WL 947455, at *3 (E.D. Tex. Jan 27, 2012) *report and recommendation adopted*, 2012 WL 947362 (E.D. Tex. Mar. 20, 2012); *Villatoro v. Kim Son Rest, L.P.*, 286 F. Supp. 2d 807, 809 (S.D. Tex. 2003). "The *Lusardi* two-stage approach is the prevailing standard among federal courts and is the standard most frequently used by this court." *Tice*, 826 F. Supp. 2d at 994 (citations omitted). As such, the Court will apply the *Lusardi* approach in this case.

Under *Lusardi*, "certification for a collective action under § 216(b) is divided into two stages: (1) the notice stage; and (2) the merits stage." *Id.* "At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). Because the Court has minimal evidence before it at this stage, "the determination is made using a fairly lenient standard requiring noting more than substantial allegations that the putative class members were victims of a single decision, policy or plan." *Tice*, 826 F. Supp. 2d at 995. "Notice is appropriate if the court concludes that there is 'some factual nexus which binds the named plaintiffs and potential class members together as victims of a particular alleged [policy or practice].'" *Allen v. McWane, Inc.*, No. 2:06-CV-158 (TJW), 2006 WL 3246531, at *2 (E.D. Tex. Nov. 7, 2006). "If the first step [of the *Lusardi*

3

approach] is satisfied, the court conditionally certifies a class; and the action proceeds as a collective action during discovery." *Sedtal v. Genuine Parts Co.*, No. 1:08-CV-413-TH, 2009 WL 2216593, at *3 (E.D. Tex. July 23, 2009).

## ANALYSIS

This case is in the first stage under *Lusardi*. At this stage, "Plaintiff bears the burden of presenting preliminary facts to show that there is a similarly situated group of potential plaintiffs." *Cripe*, 2012 WL 947455, at *2. This does not mean that their positions must be identical, as "the court need not find uniformity in each and every aspect of employment to determine a class of employees are similarly situated [under § 216(b)]." *Tice*, 826 F. Supp. 2d at 995-96. Rather, "the relevant inquiry is whether the potential class members performed the same basic tasks and were subject to the same pay practices." *Id.* at 996. "[Plaintiffs] need only show that their positions are similar to the potential plaintiffs." *Id.* at 995.

Defendant first contends that collective treatment is not appropriate in a misclassification case based on job duties because determining whether an employee is exempt requires analysis of individualized facts (Dkt #32 at pp. 18-20). However, "exemptions are merits-based defenses to an FLSA claim, not relevant at [the] notice stage." *Beall v. Tyler Technologies, Inc.*, No. 2:08-CV-422, 2009 WL 1766141, at *3 (E.D. Tex. May 30, 2009). "[A] particular need to address each perspective member of the collective action as an individual will be addressed in the second stage." *Miranda v. Mahard Egg Farm, Inc.*, No. 4:15-CV-406, 2016 WL 1704861, at *3 (E.D. Tex. Apr. 28, 2016); *Stier v. Great Plains Nat'l Bank*, No. 4:15-CV-519, 2016 WL 1572194, at *2 (E.D. Tex. Apr. 19, 2016).

Defendant further argues that Plaintiffs have not produced evidence of a common unlawful policy or practice that equally affected all STMs because the job descriptions submitted

4

by Plaintiffs "reflect that STMS primarily perform management duties consistent with the executive exemption" (Dkt. #32 at p. 22). Defendant argues that Plaintiffs merely allege that employees were misclassified as exempt without demonstrating a company-wide policy or decision that violates the FLSA (Dkt. #32 at p. 15). Under the first stage, a court's decision to conditionally certify the collective action "is made using a fairly lenient standard requiring nothing more than substantial allegations that the putative class members were victims of a single decision, policy or plan . . . the court should satisfy itself that the potential plaintiffs are similarly situated with respect to their job requirements and pay provisions." *Tice*, 826 F. Supp. 2d at 995 (citations omitted).

Here, Plaintiffs present declarations of nine STMs who worked in thirteen locations in five states and claim the same primary job duties (Dkt. #30, Exhibits C-K). The STMs state in their declarations that although they were classified as exempt, they spent 90 to 95 percent of their time doing "manual labor type tasks" and had little authority over other employees (Dkt. #30, Exhibits C-K). Further, Plaintiffs assert that STMs were paid under a similar compensation system and did not receive overtime compensation for any hours worked over 40 per week (Dkt. #30, Exhibits C-K). Thus, Plaintiffs have met the lenient standard of establishing "some factual nexus which binds the named plaintiffs and potential class members together as victims of a particular alleged [policy or practice]." *Allen v. McWane, Inc.*, No. 2:06-CV-158 (TJW), 2006 WL 3246531, at *2 (E.D. Tex. Nov. 7, 2006).

## CONCLUSION

The Court, therefore, finds that Plaintiffs have come forward with sufficient evidence to warrant conditional certification of a collective action and notice to potential class members. IT IS THEREFORE:

ORDERED, ADJUDGED AND DECREED that the Court conditionally certifies a class of Defendant's current and former employees that is described as follows and referred to herein as the "Workers":

> Defendant's current and former Sales Team Managers who worked at any of Defendant's locations at any time during the three-year period preceding the filing of this lawsuit.

It is further ORDERED, ADJUDGED AND DECREED that Defendant shall produce within fourteen (14) days of the date of this order the full name, last known physical address and email address, last known telephone number, and dates of employment for all Workers in electronic format.

It is further ORDERED, ADJUDGED AND DECREED that the Notice and Consent/Information forms presented to the Court as Exhibit "M" to Docket #30 are conditionally approved, subject to Plaintiffs' removal of the Court caption. Plaintiffs shall insert the appropriate dates and the following language in the proposed notice: "The United States District Court in Sherman, Texas, approved this Notice but takes no position on the merits of the case." These forms shall be issued by Plaintiffs' counsel within fifteen (15) days of the date that Plaintiffs' counsel receives the full list of Workers from Defendant. Such Notice shall be mailed on one occasion by first-class mail. The mailing shall include the relevant forms and a return-addressed stamped envelope. Plaintiffs' counsel may also disseminate the forms by email on one occasion. Defendant shall post the Notice and Consent/Information forms in a conspicuous place at Defendant's facility for a period of sixty (60) days commencing fifteen (15) days after the date of this order.

Any Notice of Consents returned to Plaintiffs' counsel by the Workers shall be filed within sixty (60) days of the date that Plaintiffs' counsel receives the full list of Workers from

Defendant.  If such list is sent piecemeal, the sixty (60) days shall begin to run on the date that the last address or other identifying information is sent by Defendant to Plaintiffs' counsel.

**SIGNED this 21st day of September, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE