# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| HOPE HALLEEN, INDIVIDUALLY; AND §<br>DONNA MANER, INDIVIDUALLY AND §<br>ON BEHALF OF ALL OTHERS §<br>SIMILARLY SITUATED §<br>§<br>v. §<br>§<br>BELK, INC. §<br>§ | Civil Action No. 4:16-CV-00055<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Belk Inc.'s Scheduling Proposal (Dkt. #74) and Plaintiffs' Notice of Filing Scheduling Report (Dkt. #76). After considering the pleadings, the Court finds that the scheduling proposals are granted in part and denied in part.

## BACKGROUND

On January 25, 2016, Plaintiffs filed an Amended Complaint alleging that Defendant's Sales Team Managers were misclassified as "exempt" under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and were not paid overtime for hours worked in excess of forty hours (Dkt. #2). On September 21, 2016, the Court conditionally certified the class pursuant to Section 16(b) of the FLSA (Dkt. #44). The class includes Sales Team Managers who worked at any of Defendant's locations at any time during the three-year period preceding January 19, 2016. Plaintiff sent Notice and Consent forms to approximately 1,793 current and former Sales Team Managers. Approximately 363 Sales Team Managers opted into the class.

The parties dispute the scope of permissible discovery in this conditionally certified collective action. On February 3, 2017, Defendant submitted a scheduling proposal seeking the right to obtain full discovery, including full written discovery and depositions, of one opt-in Plaintiff from each retail location having employed an opt-in Plaintiff (Dkts. #74, #75). This would

amount to full discovery of 179 opt-in plaintiffs. Defendant requests that the depositions last up to seven hours.

On February 3, Plaintiffs filed a scheduling report proposing that Defendant take representative discovery of 5% of the opt-in plaintiffs (Dkt. #76). Plaintiffs propose that nineteen randomly selected opt-in plaintiffs participate in written discovery. Plaintiffs propose that ten of these nineteen opt-in plaintiffs participate in depositions lasting up to four hours. Plaintiffs further seek the ability to take ten depositions lasting up to seven hours per witness, including Rule 30(b)(6) witnesses. Plaintiffs also seek to take one supervisor deposition for every deposition of an opt-in Plaintiff selected by Defendant.

On February 16, 2017, Defendant filed a response (Dkt. #79). On February 27, Plaintiffs filed a reply (Dkt. #83).

**LEGAL STANDARD**

The Fifth Circuit has not explicitly addressed the permissible scope of discovery in FLSA collective actions following conditional certification. However, "the Eastern District of Texas . . . is one of many jurisdictions that has ordered limited, representative discovery of the named plaintiffs and opt-in plaintiffs in FLSA actions." *Nelson v. Am. Standard, Inc.*, No. 208-CV-390-TJW-CE, 2009 WL 4730166, at *3 (E.D. Tex. Dec. 4, 2009). "[L]imiting discovery in a FLSA action to a relevant sample minimizes the burden imposed on the plaintiffs while affording the defendant a reasonable opportunity to explore, discover and establish an evidentiary basis for its defenses." *Id.* (citations and internal quotations omitted). Trial courts are afforded broad discretion in "balancing the interests of both sides while looking for a discovery plan that reasonably fits the particular demands of the case." *Winkler v. Sunbelt Rentals, Inc.*, No. 3:12-CV-3789-B, 2014 WL 12596498, at *4 (N.D. Tex. July 10, 2014). *See also Cranney v. Carriage*

*Servs.*, 2008 U.S. Dist. LEXIS 113606, *15, 2008 WL 2457912 (D. Nev. June 16, 2008) ("Permitting the full scope of discovery authorized by the Federal Rules of Civil Procedure would undermine the purpose of conditionally certifying a collective action and would be unreasonably burdensome and wasteful of the parties' and the court's resources. However, fairness dictates the defendants should be permitted to conduct enough discovery to support a motion to decertify the conditionally certified class.").

**ANALYSIS**

Defendant seeks to conduct full discovery of 179 opt-in plaintiffs, or one opt-in Plaintiff from each retail location having employed an opt-in plaintiff. Defendant argues this discovery proposal will allow it to determine whether opt-in plaintiffs are similarly situated across retail locations. Plaintiff responds that "written discovery from 5% of the Collective and depositions of 10 Collective members will allow Defendant to obtain ample information while preserving the FLSA's goal of the efficient litigation of collective actions."

Courts have taken various approaches in determining the scope of permissible discovery in conditionally certified collective actions. *See Nelson*, 2009 WL 4730166, at *3 (allowing written discovery and depositions of 91 of 1,328 opt-in plaintiffs, or 6.85% of the class, with a specified number of opt-ins for each location); *Winkler*, 2014 WL 12596498, at *4 (upholding a magistrate order rejecting plaintiffs' request to "arbitrarily limit discovery to less than 10% of the opt-in plaintiffs–chosen without regard to which profit center each opt-in represents–in favor of a more representative sampling of opt–in plaintiffs"); *Goodman v Burlington Coat Factory Warehouse Corp.*, 292 F.R.D. 230, 234 (D.N.J. 2013) (limiting depositions to 34 of 572 opt-in plaintiffs, or 5% of the class, but noting that "plaintiffs can hardly be heard to complain about the cost, burden and difficulties associated with defendants' discovery when they chose to pursue an

extensive class"); *Cranney v. Carriage Servs.*, 2008 WL 2457912 (D. Nev. June 16, 2008) (limiting the individualized discovery defendants could obtain from the plaintiffs to 10% of a relevant combination of workers and work sites for the opt-in plaintiffs).

As other courts have done, the Court will take a "middle approach" to Plaintiffs' narrow proposal and Defendant's overbroad proposal. *See Goodman*, 292 F.R.D. at 233. The Court finds that Defendant may depose 6.8% of the opt-in plaintiffs, or 25 opt-in plaintiffs, including the named Plaintiffs. The Court orders the parties to meet and confer in a good faith effort to identify a mutually acceptable relevant combination of workers and work sites for the 25 opt-in plaintiffs Defendant may depose. *See Cranney*, 2008 WL 2457912, at * (D. Nev. June 16, 2008). Defendant shall be limited to ten seven–hour depositions. The remaining depositions shall be limited to four hours. *See Goodman*, 292 F.R.D. at 234 (stating that "after the first few depositions defendants will have developed their 'script' and can focus on the most germane questioning to determine if the workers in the class are similarly situated"). Plaintiffs will have the right to take an equal number of depositions. Plaintiffs likewise may take ten seven–hour depositions. Plaintiffs remaining depositions shall also be limited to four hours. Further, all opt-in plaintiffs who are deposed must answer Defendant's written discovery. Plaintiffs may serve an equal number of written discovery requests upon Defendant. Any opt-in plaintiff who fails or refuses to participate in discovery or deposition will not be dismissed from the lawsuit, but may be replaced by another opt-in plaintiff selected by Defendant.

## CONCLUSION

It is therefore **ORDERED** that Court is Belk Inc.'s Scheduling Proposal (Dkt. #74) and Plaintiffs' Notice of Filing Scheduling Report (Dkt. #76) are hereby **GRANTED IN PART** and

**DENIED IN PART**. The Court will enter a scheduling order consistent with the holding in this Memorandum Opinion and Order.

**SIGNED this 26th day of April, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE