# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| HOPE HALLEEN, INDIVIDUALLY; and DONNA MANER, INDIVIDUALLY and ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | § § § § § | Civil Action No. 4:16-CV-55 Judge Mazzant |
| v. | § § § | |
| BELK, INC. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Compel Production of Documents and Electronically Stored Information, and Proper, Complete Answers to Interrogatories (Dkt. #98). After reviewing the relevant pleadings and motion, the Court finds that the motion should be granted in part.

## BACKGROUND

This is a Fair Labor Standards Act ("FLSA") conditionally classified collective action filed by Hope Halleen and Donna Maner on behalf of themselves and all others similarly situated (collectively, "Plaintiffs") against Defendant Belk. Plaintiffs allege that Defendant misclassified Sales Team Managers ("STM") as "exempt" under the FLSA and failed to pay overtime compensation for work in excess of a forty-hour workweek. Included in the conditionally certified class are Sales Team Managers who worked at any of Defendant's locations at any time during the three-year period preceding January 19, 2016.

On March 26, 2018, Plaintiffs filed a Motion to Compel Production of Documents and Electronically Stored Information, and Proper, Complete Answers to Interrogatories (Dkt. #98).

On April 9, 2018, Defendant filed its response (Dkt. #105). On May 24, 2018, Plaintiffs filed their

reply (Dkt. #118). On June 7, 2018, Defendant filed its sur-reply (Dkt. #135).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding

any non[-]privileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P.

26(b)(1). Relevance, for the purposes of Rule 26(b)(1), is when the request is reasonably

calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1); *Crosby v. La.*

*Health & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). The Court's scheduling order requires

that the parties produce, as part of their initial disclosure, "documents containing, information

'relevant to the claim or defense of any party.'" (Dkt. #25 at p. 3). Moreover, the Local Rules of

the Eastern District of Texas provide further guidance suggesting that information is "relevant to

any party's claim or defense [if]: (1) it includes information that would not support the disclosing

parties' contentions; . . . (4) it is information that deserves to be considered in the preparation,

evaluation or trial of a claim or defense. . . ." LOCAL RULE CV-26(d). It is well established that

"control of discovery is committed to the sound discretion of the trial court." *Freeman v. United*

*States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d

368, 382 (5th Cir. 1987)).

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to

other parties and all affected persons, to "move for an order compelling disclosure or discovery."

FED. R. CIV. P. 37(a)(1). The moving party bears the burden of showing that the materials and

information sought are relevant to the action or will lead to the discovery of admissible evidence.

*Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party

establishes that the materials requested are within the scope of permissible discovery, the burden

shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

Federal Rule of Civil Procedure 34 governs requests for production of documents, electronically stored information, and tangible things. Rule 34 requires responses to "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection [to the entire request] must state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2)(C). On the other hand, "[a]n objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).

After responding to each request with specificity, the responding attorney must sign their request, response, or objection certifying that the response is complete and correct to the best of the attorney's knowledge and that any objection is consistent with the rules and warranted by existing law or a non-frivolous argument for changing the law. FED. R. CIV. P. 26(g). This rule "simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection." Fed. R. Civ. P. 26(g) advisory committee note (1983).

The federal rules follow a proportionality standard for discovery. FED. R. CIV. P. 26(b)(1). Under this requirement, the burden falls on both parties and the court to consider the proportionality of all discovery in resolving discovery disputes. FED. R. CIV. P. 26(b)(1), advisory committee note (2015). This rule relies on the fact that each party has a unique understanding of the proportionality to bear on the particular issue. *Id.* For example, a party requesting discovery may have little information about the burden or expense of responding. *Id.* "The party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination." *Id.*

**ANALYSIS**

In their motion to compel, Plaintiffs request that the Court compel Defendant to (1) produce all documents responsive to Plaintiffs' Requests for Production ("RFP"), (2) provide complete answers to all Interrogatories, and (3) search and collect, via specified search terms and parameters, all electronically stored information ("ESI") germane to identified corporate custodians and 30(b)(6) corporate representatives.[1]  The Court addresses the first and second requests collectively followed by the request for ESI.

## I. Defendant's Responses to Plaintiffs' RFPs and Interrogatories

Plaintiffs argue that Defendant's objections to Plaintiffs' RFPs and Interrogatories are deficient, inapplicable, and/or without merit.  Defendant responds that its objections are not only appropriate but necessary to protect itself from Plaintiffs' abusive discovery requests.  In pertinent part, Defendant's responses and objections consist of assertions of privilege or contain "subject to" or boilerplate language.

Regarding Defendant's assertions of privilege, Plaintiffs claim that Defendant fails to provide a privilege log accompanying such objections.[2]  Defendant contends that it is not withholding any information on the basis of privilege.  Rule 26(b)(5) provides that a party withholding information on the basis of privilege or trial-preparation material must expressly make such claim and "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  FED. R. CIV. P. 26(b)(5).  The Court

---

[1] Defendant avers that Plaintiffs' request for ESI is inappropriate because Plaintiffs did not satisfy the meet and confer requirement imposed by Local Rule CV–7(h).  On February 28, 2018, the Court held a telephonic conference discussing various discovery issues.  The Court noted that if certain issues were not resolved, Plaintiffs could forego the meet and confer requirement and file a motion to compel.  The Court finds that the relief Plaintiffs seek in their motion is permissible and within the scope of the previous telephonic conference.

[2] Specifically, Plaintiffs point to Defendant's responses to Interrogatories 1, 8, 13, and 15 and Defendant's responses to RFPs 19-20, 22, 26, 29-30, 32, 35, 39, 41, 46-47, 50, and 53 (Dkt. #98, Exhibits 3, 4).

orders Defendant to produce a privilege log for each assertion of privilege it makes. If Defendant

claims that it is not withholding documents based on privilege, then Defendant must file amended

responses removing language stating or implying that it is.

Concerning Defendant's responses which use "subject to" or boilerplate language,[3] the

Court finds that Defendant, as a result of using such language, waived each of its objections. The

practice of including "subject to" or "without waiving" statements after objections is an age-old

habit comparable to belts and suspenders. This practice is "manifestly confusing (at best) and

misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure." *Keycorp*

*v. Holland*, No. 3:16-cv-1948-D, 2016 WL 6277813, at \*11 (N.D. Tex. Oct. 26, 2016) (quoting

*Carr v. State Farm Mut. Auto. Ins.*, 312 F.R.D. 459, 470 (N.D. Tex. 2015)). Such an objection

and answer "leaves the requesting [p]arty uncertain as to whether the question has actually been

fully answered," *Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, No. 08-21085-CIV,

2008 WL 4327253, at \*3 (S.D. Fla. Sept. 18, 2008), and "wondering as to the scope of the

documents or information that will be provided as responsive." *Heller v. City of Dall.*, 303 F.R.D.

466, 487 (N.D. Tex. 2014). Rule 34 requires a party objecting to a RFP to state the objection and

supporting reasons. FED. R. CIV. P. 34(b)(2)(B). Stated differently, the party resisting discovery

"must show specifically . . . how each [request] is not relevant or how each question is overly

broad, burdensome or oppressive." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894

F.2d 1482, 1485 (5th Cir. 1990) (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 991–92 (3d Cir.

1982)). A party may not "refuse discovery simply by making a boilerplate objection that it is not

proportional." FED. R. CIV. P 26(b)(1), advisory committee note (2015).

---

[3] Specifically, Plaintiffs point to Defendant's responses to Interrogatories 1-8, 10, and 12-15 and Defendant's responses to RFPs 2-4, 6-10, 12-17, 19-30, 32-33, 37-38, 42-44, 46-48, 50-51, and 53-54 (Dkt. #98, Exhibits 3, 4).

The Court finds that Defendant's inclusion of "subject to and without waiving these objections" is not supported by the federal rules and goes against the purposes of a just, speedy, and inexpensive resolution. *See Carr*, 312 F.R.D. at 470. Further, by answering questions in such a manner Defendant fails to specify the scope of its answer in relation to the request. This makes it impossible for Plaintiffs or the Court to assess the sufficiency of the response. Therefore, Defendant has waived each objection by including "subject to" or boilerplate language in its responses. *See id.* As such, Defendant's failure to specify specific grounds in the objections results in waiver of those objections. FED. R. CIV. P. 34(b)(2)(B); *Keycorp*, 2016 WL 6277813, at \*11. As a result, Defendant is ordered to provide amended responses as discussed below.

## II. Plaintiffs' Request for ESI

Plaintiffs seek an order compelling Defendant to produce ESI for identified corporate custodians and 30(b)(6) witnesses. Specifically, Plaintiffs reference an exhibit which list search terms, sample percentages, and specific custodians (Dkt. #118, Exhibit 1). Defendant responds that Plaintiffs' suggested search terms and requests are overly broad and unnecessarily increase the volume of ESI. Nevertheless, Defendant contends that the parties are still working on agreed search terms and have yet to reach an impasse warranting a motion to compel.

The Court finds that Plaintiffs' request for ESI as specified in Exhibit 1 to its Reply is appropriate and should be granted (Dkt. #118, Exhibit 1). Although Defendant asserts that the parties are not at an impasse, the Court finds that given the ongoing discovery disputes and inability to cooperate the requested relief is necessary. Plaintiffs further request an order requiring Defendant to produce a randomized five percent of content on a share drive from 2013 to the present regarding various divisions of employees, including STMs. Because this request is raised for the first time in Plaintiffs' reply, the Court declines to grant such relief at this time. Rather, the

Court encourages Plaintiffs to confer with Defendant to reach a common ground on the amount of share drive that needs to be produced and for which specific divisions.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Compel (Dkt. #98) is hereby **GRANTED in part**.

Accordingly, Defendant is **ORDERED** to, within seven days, provide a privilege log for each assertion of privilege made. If Defendant is not withholding documents or information on the basis of privilege, Defendant must file amend responses removing language stating or implying that it is.

It is further **ORDERED** that Defendant shall, within seven days from the date of this Order, serve upon counsel for Plaintiffs the following:

1. An amended, corrected and complete set of answers to Plaintiffs' Interrogatories Nos. 1, 8, 10, and 12-15; and

2. An amended, corrected, and complete set of responses to Plaintiffs' Requests for Production Nos. 2-4, 6-10, 12-17, 19-30, 32-33, 35, 37-39, 41-44, 46-48, 50-51, 53-54.

It is further **ORDERED** that in preparing all the above sets of answers or responses (each, a "Set"), Defendant shall observe and comply with the following:

A. Defendant and its counsel shall sign each Set separately, attesting to the accuracy and completeness of that Set's answers or responses and to Defendant's performance of a thorough, good faith search for responsive documents.

B.    Each Set shall include answers or responses to all of Plaintiffs' discovery requests, even if Defendant has answered or responded to such requests before. However, Defendant may amend their previous answers or responses.

C.    If Defendant determines after a full, complete, and good faith search and inquiry that the true and correct answer to a particular interrogatory is that there are no items that correspond to the information requested by that interrogatory in its response to that interrogatory it shall state that fact clearly, in a full sentence, and a short explanation should be given.

D.    If Defendant determines after a full, complete, and good faith search and inquiry that there are no documents responsive to a particular request for production, in their response to that request for production it shall state that fact clearly, in a full sentence, and recite what search efforts it undertook to locate and obtain all documents responsive to that request for production.

It is further **ORDERED** that Defendant produce, in TIFF format, the appropriate ESI as specified in Dkt. #188, Exhibit 1 within two weeks of the issuance of this Order.

Defendant is reminded that any failure to comply fully with this Order may subject Defendant to sanctions by the Court.

**IT IS SO ORDERED**.

**SIGNED this 6th day of August, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE